ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE TENTH JUDICIAL CIRCUIT |
| COUNTY OF ANDERSON ) | |
| ) | |
| THE ESTATE OF PETER ) | CASE NO.: 2018-CP-_____ |
| WETTELAND, BY HIS DULY ) | |
| APPOINTED PERSONAL ) | |
| REPRESENTATIVE, DAVID ) | |
| WETTELAND, ) | |
| ) | |
| PLAINTIFF, ) | SUMMONS |
| ) | |
| VS. ) | |
| ) | |
| GLOBAL TRUCK LINES INC., AND ) | |
| WAYMOND EUGENE BLEDSOE, ) | |
| ) | |
| DEFENDANT(S). ) | |

**TO:   THE DEFENDANT(S) ABOVE NAMED.**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at this office located at 514 S. McDuffie Street, P. O. Box 1965, Anderson, South Carolina, 29622, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

DATED this 31st day of DECEMBER, 2018

[SIGNATURE PAGE FOLLOWS]

[1]

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

s/ Tom W. Dunaway III
Tom W. Dunaway, III
SC Bar #1787
PO Box 1965
Anderson, SC  29622
(864) 224-1144 - Office
(864) 224-2083 - Fax
tomw@dunawayfirm.com

s/ Thomas W. Dunaway IV
Thomas W. Dunaway, IV
SC Bar #100807
PO Box 1965
Anderson, SC  29622
(864) 224-1144 - Office
(864) 224-2083 - Fax
field@dunawayfirm.com
*Attorneys for the Plaintiff*

This 31st day of December, 2018
Anderson, South Carolina

[2]

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE TENTH JUDICIAL CIRCUIT |
| COUNTY OF ANDERSON ) | |
| ) | |
| THE ESTATE OF PETER ) | CASE NO.: 2018-CP-_____ |
| WETTELAND, BY HIS DULY ) | |
| APPOINTED PERSONAL ) | |
| REPRESENTATIVE, DAVID ) | |
| WETTELAND, ) | |
| ) | |
| PLAINTIFF, ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| VS. ) | |
| ) | |
| GLOBAL TRUCK LINES INC., AND ) | |
| WAYMOND EUGENE BLEDSOE, ) | |
| ) | |
| DEFENDANT(S). ) | |

The Plaintiff, the Estate of Peter Wetteland, deceased, by its duly appointed Personal Representative, David Wetteland, and its undersigned attorneys, alleges in its Complaint against the Defendants, Global Truck Lines, Inc. and the Waymond Eugene Bledsoe, and would respectfully show unto this Honorable Court as follows:

## *PARTIES AND JURISDICTION*

1. The Plaintiff, David Wetteland, is the duly appointed, qualified, and acting Personal Representative of the Estate of Peter Wetteland [the "Plaintiff's Decedent"], his deceased brother, who died intestate in the manner alleged below on August 2, 2016 in Anderson County, State of South Carolina[1].

2. Plaintiff brings this action pursuant to S.C. Code § 15-51-10, et seq., as amended, more commonly called The Wrongful Death Act, for damages recoverable by the statutory beneficiaries of Peter Wetteland.

---

[1] The Certificate of Appointment is on file in the Anderson County Probate Court, Case Number 2017ES0401446.

[1]

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

3.   The Plaintiff's Decedent, Peter Wetteland, suffered fatal injuries and at the time of this accident was a citizen and resident of the County of Anderson, State of South Carolina.

4.   Upon information and belief, Defendant Global Truck Lines Inc. [hereinafter referred to as "Defendant Global"], is a corporation organized and existing under the laws of the State of Florida but regularly does business in the State of South Carolina and therefore is subject to the jurisdiction of this Court.

5.   Upon information and belief, Defendant Waymond Eugene Bledsoe [hereinafter referred to as "Defendant Bledsoe"], is a citizen and resident of Jasper, in the State of Florida.

6.   Venue is proper in this Court in as much as the cause of action upon which this action is based arose within the County of Anderson; and by the Plaintiff's Decedent being a resident and citizen of the County of Anderson; Global Truck Lines through its agents, servants and/or employees conduct business within the County of Anderson, State of South Carolina.

7.   This Honorable Court has jurisdiction over the parties and the subject matter set forth herein.

8.   Upon information and belief, Defendant Global transacts business in the State of South Carolina, County of Anderson, and that it further derives substantial revenue therefrom.

9.   The subject-matter of this action is a tractor-trailer collision which occurred in Anderson County, South Carolina, caused by the negligence of Defendant Global and its driver and owner, Defendant Bledsoe.

10.   Upon information and belief, Defendant Bledsoe was transporting a load for Defendant Global.

11.   Upon further information and belief, Defendant Bledsoe was, at all times relevant to this Complaint, an employee and owner of Defendant Global as defined by 49 U.S.C. § 31132(2)(A).

[2]

12. Upon information and belief, at the time and place of the incident which is the subject matter of this Complaint, Defendant Bledsoe was acting in the course and scope of his employment with Defendant Global.

13. Upon information and belief, Defendant Global is a commercial motor carrier.

14. Upon information and belief, Defendant Global is a common carrier.

## *FACTUAL BACKGROUND*

15. On or about August 2, 2016, the Plaintiff was a pedestrian on Highway 24 walking across SC-24 North in Anderson County, South Carolina. At approximately 12:25 a.m., Defendant Waymond E. Bledsoe, was driving a truck owned by Defendant Global and was travelling West on SC-24 in a tractor trailer bearing USDOT# 1379977, owned by him and the motor carrier Defendant Global Truck Lines Inc. Defendant Bledsoe struck and killed the Plaintiff's Decedent.

16. At the time of the collision, Plaintiff's Decedent was a pedestrian as defined by Section § 56-5-3230 of the SC Code of Laws which states, "notwithstanding other provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human powered vehicle and shall give an audible signal when necessary and shall exercise proper precaution upon observing any child or any obviously confused, incapacitated or intoxicated person." Plaintiff by law had the right of way. At the time of the collision the Plaintiff was a pedestrian within a properly marked crosswalk and entitled to the right of way as provided by South Carolina law.

17. That at the time of the fatal incident, Defendant Bledsoe was operating 2006 Freightliner tractor-trailer combination owned by Defendant Global.

18. That upon information and belief, traffic conditions existing at the time of the complained of fatality required Defendant Bledsoe to operate his vehicle at a reduced rate of speed and heightened duty to keep a proper lookout due to the dark conditions of the roadway.

19. That upon information and belief, Defendant Bledsoe failed to appreciate the traffic conditions then and there prevailing immediately prior to the subject fatality.

20. At approximately 12:25 a.m., on August 2, 2016, the time of the complained of fatality, there were no visual obstructions that would have prevented Defendant Bledsoe from seeing the roadway ahead of him.

21. At approximately 12:25 a.m., on August 2, 2016, the time of the complained fatality, the roadway was straight and clear and there were no defects in the roadway which contributed to the death of Plaintiff's Decedent.

22. At approximately 12:25 a.m., on August 2, 2016, the time of the complained fatality, there were no visual obstructions which prevented Defendant Bledsoe form seeing the road conditions ahead of him.

23. That upon information and belief, Defendant Bledsoe was, at all times mentioned herein, a professional truck driver with a valid CDL License.

24. That, at the time of the fatality, Plaintiff's Decedent did not violate any statutory or common law rule of the road which contributed to his death.

### *FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS*
**(NEGLIGENCE AS TO CONDUCT OF DEFENDANT BLEDSOE FOR WHICH DEFENDANT GLOBAL IS VICARIOUSLY LIABLE)**

25. That the Plaintiff hereby restates and realleges each and every preceding allegation as if fully set forth hereinafter verbatim.

26. Defendant Bledsoe, acting in his capacity as an agent, servant and employee of Defendant Global, was negligent, careless, grossly negligent, reckless, willful and wanton in the following particulars to wit:

   a. In failing to keep a proper distance between the commercial motor vehicle and nearby pedestrians near him on the highway;

   b. In failing to keep a proper lookout as required under S.C. Code Ann. § 56-5-1520 (Supp. 2000);

   c. In failing to observe Plaintiff's Decedent crossing Highway 24 in the designated cross-walk;

   d. In failing to yield the right of way to Plaintiff's Decedent who had already entered into and was crossing in the designated cross-walk;

   e. In failing to exercise that degree of care which a reasonable and prudent driver would have exercised under the same or similar circumstances;

   f. By being inattentive at the time of the subject fatality; and/or

   g. In failing to stop, swerve, slow down or take other evasive action so as to avoid running over Plaintiff's Decedent;

   h. In failing to sound the horn before approaching the intersection as dictated by conditions then existing;

   i. In failing to remain physically and mentally alert while operating a commercial vehicle;

   j. By recklessly and/or carelessly operating the subject vehicle at the time of the subject fatality;

   k. By failing to react to pedestrians lawfully in the roadway to prevent from hitting and killing the same;

   l. By failing to adhere to and failure to comply with the traffic regulations and laws of South Carolina;

   m. By failing to apply the brakes in a reasonable and timely manner;

   n. By driving without observing and/or obeying the traffic statutes of South Carolina;

   o. By driving without observing or obeying applicable state and federal laws, rules and regulations pertaining to motor carriers;

[5]

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

p. In operating his tractor trailer in reckless disregard for the rights of others, especially those rights of Plaintiff's Decedent;

q. In failing to use the degree of care that a reasonable and prudent person should have exercised under the existing conditions and circumstances proximately causing the fatal death of Plaintiff's Decedent on August 2, 2016;

r. In failing to use the degree of care that a reasonable and prudent person should have exercised under the existing conditions and circumstances then and there prevailing to avoid injury and damage to others, especially Plaintiff's Decedent, Peter Wetteland;

s. By failing to adjust his speed to account for the present conditions and road hazards existing at the time of impact;

t. In paying attention to other matters when he should have been paying attention to the road conditions; and

u. Was otherwise negligent and reckless in the operation of the subject tractor-trailer.

27. All of which were in violation of the statutes, common laws and regulations of the South Carolina, in such cases made and provided, and all of which were a direct and proximate cause of the injuries and damages sustained by the Plaintiff and Plaintiff's Decedent herein.

28. As a direct and proximate cause of the aforementioned willful, wanton, reckless, careless, negligent and grossly negligent acts and conduct of Defendant Global and of Defendant Bledsoe, jointly and severally, as hereinabove more particularly set forth, Plaintiff's Decedent, Peter Wetteland was fatally struck and killed.

29. That Defendant Global and Defendant Bledsoe wrongfully caused the death of Plaintiff's Decedent, Peter Wetteland on August 2, 2016.

### *FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT GLOBAL TRUCK LINES INC.*
**(PARTICULARS OF NEGLIGENCE AS AGAINST DEFENDANT GLOBAL TRUCK LINES INC.)**

30. That the Plaintiff hereby restates and realleges each and every preceding allegation as if fully set forth hereinafter verbatim.

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

31.  Defendant Global is vicariously, jointly, and severally liable for the actions of Defendant Bledsoe under the legal doctrine of *respondeat superior*.

32.  Defendant Global Truck Lines Inc., was negligent, grossly negligent, reckless, willful and wanton in the following particulars to wit:

   a. In failing to properly train and adequately supervise its driver, Defendant Bledsoe, so as to ensure that he could safely operate Defendant Global Truck Line Inc.'s tractor-trailer rig on the highways of Anderson County;

   b. In failing to have in place adequate policies and procedures to monitor its drivers or, if such policies and procedures were in place, in failing to enforce them;

   c. In failing to have in place an adequate safety program for the safety and protection of the monitoring public;

   d. In permitting a careless driver to operate said tractor-trailer truck;

   e. In failing to exercise the degree of care and caution which a reasonable and prudent entity would have exercised under the same or similar circumstances;

   f. In negligently hiring, employing and/or retaining in employment Defendant Bledsoe;

   g. In failing to properly train Defendant Bledsoe including, but not limited to, failure to provide adequate defensive driver training and/or training on evasive maneuvers; and

   h. In failing to used due care.

33.  All of which were in violation of the statutes, common laws and regulations of the State of South Carolina, in such cases made and provided, and all of which were a direct and proximate cause of the injuries and damages sustained by the Plaintiff and Plaintiff's Decedent herein and all of which is attributable to the Defendant Global by virtue of the doctrine of *respondeat superior*.

34.  As a direct and proximate cause of the aforementioned willful, wanton, reckless, careless, negligent and grossly negligent acts and conduct of Defendant Global and of Defendant Bledsoe,

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

jointly and severally, as hereinabove more particularly set forth, Plaintiff's Decedent, Peter Wetteland was fatally struck and killed.

35.     That Defendant Global and Defendant Bledsoe wrongfully caused the death of Plaintiff's Decedent, Peter Wetteland on August 2, 2016.

### *FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS*
### (WRONGFUL DEATH ACTION – S.C. CODE ANN. § 15-51-10)

36.     That the Plaintiff hereby restates and realleges each and every preceding allegation as if fully set forth hereinafter verbatim.

37.     The Plaintiff, David Wetteland, brings this wrongful death action pursuant to S.C. Code Ann. §§ 15-51-10, et seq. for the benefit of the statutory beneficiaries of Peter Wetteland, Deceased, as designated by S.C. Code Ann. § 15-51-20, to recover for damages, injuries, and losses sustained by reason of the wrongful death of Peter Wetteland.

38.     The death of Peter Wetteland was caused and occasioned by the negligent and grossly negligent acts on behalf of the Defendants as more fully set forth herein. By the Defendant's acts and omissions, Plaintiff's Decedent suffered injuries, death, and damages.

39.     That the Defendants, and each of them, were negligent, careless, grossly negligent, reckless, willful and wanton at the time and place above-mentioned in one or more of the following particulars to wit:

   a. In failing to exercise due care to avoid a collision with a pedestrian lawfully in a crosswalk;

   b. In failing to keep a proper distance between the commercial motor vehicle and nearby pedestrians near him on the highway;

   c. In failing to keep a proper lookout as required under S.C. Code Ann. § 56-5-1520 (Supp. 2000);

   d. In failing to observe Plaintiff's Decedent crossing Highway 24 in the designated crosswalk;

[8]

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

e. In failing to yield the right of way to Plaintiff's Decedent who had already entered into and was crossing in the designated cross-walk;

f. In failing to exercise that degree of care which a reasonable and prudent driver would have exercised under the same or similar circumstances;

g. By being inattentive at the time of the subject fatality; and/or

h. In failing to stop, swerve, slow down or take other evasive action so as to avoid running over Plaintiff's Decedent;

i. In failing to sound the horn before approaching the intersection as dictated by conditions then existing;

j. In failing to remain physically and mentally alert while operating a commercial vehicle;

k. By recklessly and/or carelessly operating the subject vehicle at the time of the subject fatality;

l. By failing to react to pedestrians lawfully in the roadway to prevent from hitting and killing the same;

m. By failing to adhere to and failure to comply with the traffic regulations and laws of South Carolina;

n. By failing to apply the brakes in a reasonable and timely manner;

o. By failing to adjust his speed to account for the present conditions and road hazards existing at the time of impact;

p. By driving without observing and/or obeying the traffic statutes of South Carolina;

q. By driving without observing or obeying applicable state and federal laws, rules and regulations pertaining to motor carriers;

r. In operating his tractor trailer in reckless disregard for the rights of others, especially those rights of Plaintiff's Decedent;

s. In failing to use the degree of care that a reasonable and prudent person should have exercised under the existing conditions and circumstances proximately causing the fatal death of Plaintiff's Decedent on August 2, 2016;

t. In failing to use the degree of care that a reasonable and prudent person should have exercised under the existing conditions and circumstances then and there prevailing to avoid injury and damage to others, especially Plaintiff's Decedent, Peter Wetteland; and

[9]

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

    u.  Was otherwise negligent and reckless in the operation of the subject tractor-trailer.

40.    As a direct and proximate cause of the aforementioned negligent, grossly negligent, careless, reckless, willful and wanton conduct of Defendant Global Truck Lines Inc. and of Defendant Waymond E. Bledsoe, jointly and severally, as hereinabove more particularly set forth, Plaintiff's Decedent, Peter Wetteland, suffered severe, painful injuries, that led to his death.

41.    As a further direct and proximate result of the aforesaid wrongful conduct on the part of the Defendants, and each of them, the statutory beneficiaries of the Plaintiff's Decedent, Peter Wetteland, have suffered pecuniary loss and economic loss; mental shock and suffering; wounded feelings; grief and sorrow; loss of companionship; deprivation of the use and comfort of the Decedent's society; loss of his experience, knowledge, and judgment; loss of Decedent's ability to earn money for the support, care, maintenance, and protection of his statutory beneficiaries; and has incurred funeral expenses occasioned by the death of Peter Wetteland in an amount to be determined by a jury at the trial of this action.

### *FOR A FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS*
### (NEGLIGENCE PER SE)

42.    That the Plaintiff hereby restates and realleges each and every preceding allegation as if fully set forth hereinafter verbatim.

43.    At the above-mentioned time and place, Defendant Bledsoe, while acting within the course and scope of his employment with Defendant Global, violated Section § 56-5-3130 of the South Carolina Code of Laws in that he failed to yield the right-of-way to Plaintiff's Decedent who was at the time approaching so closely to Defendant Bledsoe's line of travel as to be in danger.

44. Defendant Bledsoe and Defendant Global, were and are, therefore, *negligent per se* by violating the above-listed statute.

45. At the above-mentioned time and place, Defendant Bledsoe, while acting within the course and scope of his employment with Defendant Global, violated Section § 56-5-3230 of the South Carolina Code of Laws in that he failed to exercise due care as is required by drivers in this State.

46. Defendant Bledsoe and Defendant global, were and are, therefore, *negligent per se* by violating the above-listed statute

47. At the above-mentioned time and place, Defendant Bledsoe, while acting within the course and scope of his employment with Defendant Global, violated Section § 56-5-1520 of the South Carolina Code of Laws in that he failed to keep a reasonable and proper lookout and failed to adjust his speed to the conditions existing on August 2, 2016.

48. Defendant Bledsoe and Defendant Global, were and are, therefore, *negligent per se* by violating the above-listed statute

49. At the above-mentioned time and place, Defendant Bledsoe, while acting within the course and scope of his employment with Defendant Global, violated Section § 56-5-4450 of the South Carolina Code of Laws.

50. Defendant Bledsoe and Defendant Global, were and are, therefore, *negligent per se* by violating the above-listed statute

51. At the above-mentioned time and place, Defendant Bledsoe, while acting within the course and scope of his employment with Defendant Global, violated Section § 56-5-4770 of the South Carolina Code of Laws.

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

52. Defendant Bledsoe and Defendant Global, were and are, therefore, *negligent per se* by violating the above-listed statute

53. At the above-mentioned time and place, Defendant Bledsoe, while acting within the course and scope of his employment with Defendant Global, violated Section § 56-5-4780 of the South Carolina Code of Laws.

54. Defendant Bledsoe and Defendant Global, were and are, therefore, *negligent per se* by violating the above-listed statute

55. Defendant Global and Defendant Bledsoe's negligent, gross negligent, negligent per se, careless, reckless, willful and wanton violation of the above-referenced statutes were the direct and proximate cause of the injuries and death of Plaintiff's Decedent.

56. As a direct and proximate result of the death of Peter Wetteland, the statutory beneficiary, his brother, David Wetteland, may recover all damages, present and prospective, which are naturally the proximate consequent of the wrongful act including:

   a. Economic and pecuniary loss including lost income and funeral expenses;

   b. Significant mental shock and suffering;

   c. Wounded feelings;

   d. Grief and sorrow;

   e. Loss of companionship; and

   f. Deprivation of the use and comfort of the decedent's society including the loss of his experience, knowledge, and judgment in managing the affairs of himself and his beneficiary.

21. As a further direct and proximate result of the death of the decedent, the decedent's heir has been deprived of decedent's future support, love, care, comfort, affection, society, presence,

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

companionship, and protection, and thus have suffered pecuniary loss, including funeral expenses

**WHEREFORE**, having fully set forth his Complaint above, the Plaintiff, as Personal Representative of the Estate of Peter Wetteland, prays for a judgment against the Defendants, jointly and severally, for actual and punitive damages in an amount to be determined by this Court, together with such other and further relief as this Court deems just and proper. Therefore, Plaintiff prays for a trial by jury and for the following:

1. For judgment against the Defendants for joint and several liability and for actual and punitive damages on the First Cause of Action for Defendant Bledsoe's negligence, for the benefit of the Estate of the Deceased, in such an amount as may be fair, just, and adequate;

2. For judgment against the Defendants for joint and several liability and for actual and punitive damages on the Second Cause of Action for Defendant Global's negligence, for the benefit of the statutory beneficiaries of the Deceased, in such an amount as may be fair, just, and adequate;

3. For judgment against the Defendants for joint and several liability and for actual and punitive damages on the Third Cause of Action for Wrongful Death, in such an amount as may be fair, just, and adequate;

4. For judgment against the Defendants for joint and several liability and for actual and punitive damages on the Fourth Cause of Action for *Negligence Per Se*, in such an amount as may be fair, just, and adequate;

5. Damages for funeral, burial and related medical expenses in an amount to be proven at trial;

6. For the costs of this action; and

7. For such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                s/ Tom W. Dunaway III
                Tom W. Dunaway, III
                SC Bar #1787
                PO Box 1965
                Anderson, SC 29622
                (864) 224-1144 - Office
                (864) 224-2083 - Fax
                tomw@dunawayfirm.com

                s/ Thomas W. Dunaway IV
                Thomas W. Dunaway, IV
                SC Bar #100807
                PO Box 1965
                Anderson, SC 29622
                (864) 224-1144 - Office
                (864) 224-2083 - Fax
                field@dunawayfirm.com
                *Attorneys for the Plaintiff*

This 31st day of December, 2018
Anderson, South Carolina

ELECTRONICALLY FILED - 2018 Dec 31 10:08 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0402522

[14]